WILLIAM D. JANICKI
5250 Woodvale Way
Carmichael.CA 95608
William.d.janicki@usdoj.gov
(916) 346-8736
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE #1, JANE DOE #2, JANE DOE #3, and JANE DOE #4<br><br>Plaintiffs,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, GARY S. MAY, CHANCELLOR OF THE UNIVERSITY OF CALIFORNIA, DAVIS, in his official capacity, CLARE SHINNERL, VICE CHANCELLOR, FINANCE, OPERATIONS AND ADMINISTRATION OF THE UNIVERSITY OF CALIFORNIA, DAVIS, in her official capacity, MARY CROUGHAN, PROVOST AND EXECUTIVE VICE CHANCELLOR, UNIVERSITY OF CALIFORNIA, DAVIS, in her official capacity, ROCKO DELUCA, DIRECTOR OF INTERCOLLEGIATE ATHLETICS OF THE UNIVERSITY OF CALIFORNIA, DAVIS, in his official capacity, and HEATHER HUNTER, SENIOR ASSOCIATE ATHLETICS DIRECTOR, UNIVERSITY OF CALIFORNIA, DAVIS, in her official capacity.<br><br>Defendants. | Case No.:<br><br>**PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF JANE DOE #1**<br><br>Judge:<br>Date:<br>Time:<br>Courtroom: |

**MEMORANDUM OF POINTS AND AUTHORITIES**

This action seeks redress for UC Davis's violations of California tort, contract, and unfair competition laws, and requests both preliminary and permanent injunctive relief arising from the University's decision to eliminate the NCAA Division I Equestrian program. Plaintiffs, current and incoming members of the UC Davis NCAA Division I Equestrian team, move for an order permitting them to proceed under pseudonyms based on a real, substantial, and well-founded fear of retaliation from their participation in this litigation.

**I.     INTRODUCTION**

On January 9, 2026, at approximately 3:00 p.m., thirty-seven female student-athletes from the UC Davis NCAA Division I Equestrian team were abruptly informed, during a hastily convened team meeting, that their collegiate athletic careers had been cancelled. The University had eliminated the team and terminated their intercollegiate athletic participation effective at the end of the current 2025-2026 season. ECF No 1-1.

Each of these student athletes had spent years competing at the highest levels of equestrian sport to earn a spot on this nationally ranked Division I program. The team's members include nationally recognized competitors, many of whom have appeared in medal-finals at elite competitions and were pursuing trajectories that include World Cup and Olympic-level aspirations. The sudden elimination of the program foreclosed these athletes', including the Plaintiffs, ability to continue competing at the Division I level and disrupted years of training, recruitment, and career planning.

The decision to eliminate the Equestrian program had been contemplated by the University for months, if not years, before the announcement.  In fact, the decision had already been made, or was under serious consideration, while UC Davis was recruiting Plaintiffs to join the Equestrian team.  At no time during each Plaintiff's recruitment, campus visit, acceptance of the offer, subsequent communications with the coaching staff, or enrollment at UC Davis did any representative of the University—including the administration, the Athletics Department, or the Equestrian coaching staff—state, suggest or imply that elimination of the Equestrian program was being considered. Nor was any such information disclosed on the Equestrian team's website or in any recruiting materials.

Plaintiffs and other team members were repeatedly given affirmative assurances that the program would continue during the Plaintiffs' enrollment at UC Davis and/or for the duration of their remaining NCAA athletic eligibility.  In fact, the UC Davis Foundation was actively soliciting donations from the public for the benefit of the Equestrian team through December 6, 2025, just one month before the announced elimination of the team.  ECF No 1-16.

Had each Plaintiff been informed that UC Davis was contemplating or planning the elimination of the Equestrian program, each would not have committed, enrolled or transferred to UC Davis and instead would have pursued alternative collegiate and athletic opportunities elsewhere.

Plaintiffs seek to assert their legal rights through litigation challenging the University's decision to eliminate the Equestrian team.  Because of a substantial and

well-founded fear of retaliation from the University, Plaintiffs seek to proceed under pseudonyms.

## II.     FACTUAL BACKGROUND

UC Davis Athletic Director Rocko Deluca delivered the devastating message to the team. His remarks were brief, blunt, and unequivocal: the UC Davis Equestrian program was being eliminated. Team members recall Mr. Deluca stating that as much as the team may want to rally support or do other things to try and preserve the program, the reality is that a bunch of factors beyond the financials went into the decision. That's why it's final. See Doe #1 Decl. ¶¶ 22-24 filed contemporaneously herewith. He concluded by instructing the team not to fight it because it's final and they can't change it. *Id*.

Although Mr. Deluca's statements were not explicitly threatening, they had a coercive and intimidating effect on several of the student athletes. *Id*. Many team members reasonably fear that challenging Mr. Deluca's decision or participating in this litigation would result in retaliation from the University. *Id*. Indeed, the Athletic Director expressly told the team not to fight his decision to eliminate the Equestrian program. Team members fear retaliation in the form of adverse treatment during the team's final season, negative impacts on their current enrollment status, or harm to future applications to UC Davis graduate programs. *Id*. Efforts that discourage or intimidate student-athletes from asserting their legal rights through litigation are improper and coercive. As a result of this real and well-founded fear of retaliation, Plaintiffs have elected to proceed in the matter under pseudonyms. *Id*.

### III. LEGAL STANDARD

The Ninth Circuit permits parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) Parties are allowed to use pseudonyms "when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. at 1067-68. Anonymity may be permitted when "identification creates risk of retaliatory physical or mental harm." *Id*. at 1068. The *Advance Textile* court noted decisions from other circuits permitting plaintiffs to use pseudonyms when identification creates a risk of retaliatory physical or mental harm. *Id*. at 1068 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973)).

When a party requests to proceed under a pseudonym to shield against retaliation, courts consider (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; and (4) whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id*.

The public's interest would not be served if requiring plaintiff to reveal his identity "could disincentive similar lawsuits in the future." *L.S. v. Happy Hippo LLC*, No. 2:24-CV-02849-DAD-SCR, 2025 WL 1993383, at *4 (E.D. Cal. July 17, 2025) (citing *J.J. v. Ashlynn Mktg. Grp., Inc.*, No. 24-CV-00311-GPC-MSB, 2024 WL 5130849, at *2 (S.D. Cal. Dec. 16, 2024)).

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice ... [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id*. at 1068-69.

In *Advanced Textile Corp*., the court found no prejudice to defendant if the plaintiff were to proceed under a pseudonym prior to discovery. *Id*. at 1072. Potential future prejudice to defendant during discovery could be mitigated through the use of a protective order. *Happy Hippo LLC*, 2025 WL 1993383, at *4 (finding no prejudice at early stage of litigation). Here, a protective order during the discovery phase could mitigate any potential prejudice against the Defendants.

The first two factors identified in *Advanced Textile Corp.* are the most important. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1043 (9th Cir. 2010). More recently, the Ninth Circuit has restated these factors as five factors to apply when the opposing party has objected. *Doe, v. U.S. Citizenship & Immigr. Servs.*, No. 1:21-CV-00576-NONE-SAB, 2021 WL 1907562, at *2 (E.D. Cal. May 12, 2021) (non-opposition to motion to proceed pseudonymously indicates low prejudice to defendant) (citing *Kamehameha Schools*, 596 F.3d at 1042).

**IV.    ARGUMENT**

Special circumstance in this case warrant permitting Plaintiffs to proceed under pseudonyms prior to discovery. Plaintiffs have a real and well-founded fear of retaliation from the University because of their participation in this lawsuit. Plaintiffs

5

were expressly warned by the Athletic Director not to challenge his decision to eliminate the Equestrian team, and his statements had an intimidating and coercive effect. As a result, team members reasonably fear retaliation in the form of adverse treatment during the team's final season, negative consequences affecting their current enrollment status, or harm to future applications to UC Davis graduate programs. See Doe #1 Decl. ¶¶ 22-24.

Any potential prejudice to Defendants is minimal and can be fully mitigated through an appropriate protective order during the discovery phase. Under such an order, Plaintiffs' identities may be disclosed on an "Attorney Eyes Only" basis, thereby allowing Defendants to conduct discovery while ensuring Plaintiffs are protected from retaliation. Defendants themselves would not be informed of Plaintiffs' identities.

## V.    CONCLUSION

For the reasons state above, Plaintiffs' request an order from the Court granting their request to appear in this action under pseudonyms until a protective order is entered to protect their identities.

DATED: February 9, 2026

*s/William D. Janicki*
WILLIAM D. JANICKI
5250 Woodvale Way
Carmichael, CA 95068
William.d.janicki@usdoj.gov
916-346-8736

Attorney for Plaintiffs

6

# CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing document and related declarations were made through the Court's electronic filing and notification to all CM/ECF participants on February 9, 2026.  The foregoing document was also served upon the following via electronic mail on February 9, 2026, and by personal service on February 10, 2026.

Charles F. Robinson
    General Counsel and Vice President – Legal Affairs
    University of California Office of the President
    1111 Franklin Street, 8th Floor
    Oakland CA 94607
    Charles.robinson@ucop.edu

Carol Thompson
    Principal Counsel, Litigation
    UC Legal – Office of the General Counsel
    Carol.thompson@ucop.edu

                                          *s/William D. Janicki*